```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE J. BURCH, SR.,              )
                                 )
           Plaintiff,            )
                                 )
      v.                         )Civil Action No. 03-1995
                                 )Judge David Stewart Cercone/
STEVE DEVLIN, Director,          )Magistrate Judge Amy Reynolds Hay
HEATHER BOWSER, Counselor,       )
CARLA MOMULA, Supervisor,        )
                                 )
           Defendants.           )
```

MEMORANDUM ORDER

The Court previously placed this case under a discovery order[1] and set the time for the filing of pretrial narrative statements ("pretrial"). The first pretrial filed by plaintiff was deficient in that it did not conform to the requirements set forth in Local Rule 16.1.4. Accordingly, the Court issued an Order for plaintiff to file an amended pretrial and specified that the following must be included in same:

> 1. A brief narrative statement of the material facts that will be offered at trial;
>
> 2. A statement of all damages claimed, including the amount and the method of calculation of all economic damages;
>
> 3. The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises,

---

[1] Although defendants complain that plaintiff has not produced the initial disclosures required under Fed.R.Civ.P. 26, we note that because plaintiff is a prisoner proceeding *pro se* he is exempt from the initial disclosure requirement found in Rule 26(a)(1). See Fed.R.Civ.P. 26(a)(1)(E)(iii).

>    and identifying each witness as a liability
>    and/or damage witness;
>
>    4. The designation of those witnesses whose
>    testimony is expected to be presented by
>    means of a deposition and the designation of
>    the portion of each deposition transcript (by
>    page and line number) to be presented (and,
>    if not taken stenographically, a transcript
>    of the pertinent portions of the deposition
>    testimony);
>
>    5. An appropriate identification of each
>    document or other exhibit, including
>    summaries of other evidence, separately
>    identifying those that the party expects to
>    offer and those that the party may offer if
>    the need arises and assigning an exhibit
>    number to those that the party expects to
>    offer;
>
>    6. A list of legal issues that the party
>    believes should be addressed at the final
>    pretrial conference;
>
>    7. Copies of all expert disclosures that the
>    party made pursuant to Fed. R. Civ. P.
>    26(a)(2) with respect to expert witnesses
>    identified in the pretrial statement pursuant
>    to LR 16.1.4A(3); and
>
>    8. Copies of all reports containing findings
>    or conclusions of any physician who has
>    treated, examined, or has been consulted in
>    connection with the injuries complained of,
>    and whom a party expects to call as a witness
>    at the trial of the case.

Plaintiff was given additional time to comply with the pretrial requirements.  Thereafter, plaintiff filed an amended pretrial which, however, continues to be deficient.  Specifically, plaintiff has not identified by name and address the witnesses, including experts, he intends to call at trial.  Nor has he identified with any specificity the exhibits to be offered;

plaintiff simply states that he will produce "documentary evidence." As well, plaintiff has not set forth the amount of his damages nor how that amount has been calculated.

Defendants have now moved to strike or dismiss the amended pretrial and for sanctions.

AND NOW, this 25th day of July, 2006, upon consideration of the defendants' Motion to Strike/Dismiss Plaintiff's Amended Pretrial Statement and for sanctions, IT IS HEREBY ORDERED that the motion is GRANTED in part and DENIED in part. The motion (doc. 49) is GRANTED in that the plaintiff's amended pretrial is hereby STRICKEN for failure to comply with the Local Rule 16.1.4 and this Court's Order of March 27, 2006. IT IS FURTHER ORDERED that plaintiff is afforded one final opportunity to inform defendants and this Court of the specifics of his evidence for trial by filing a pretrial that is in compliance with Local Rule 16.1.4 and the March 27th Order. Plaintiff's pretrial shall be filed on or before August 15, 2006. Failure to comply may result in the imposition of sanctions.

IT IS FURTHER ORDERED that defendants' pretrial shall be filed on or before September 15, 2006.

IT IS FURTHER ORDERED that the defendants' motion is DENIED in all other respects.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

```
cc:  Dale J. Burch, Sr.
     5623 Second Avenue
     Pittsburgh, PA 15207

     Leta V. Pittman, Esq.
     TUCKER, ARENSBERG
     1500 One PPG Place
     Pittsburgh, PA 15222
```