```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE J. BURCH, SR.,             )
                                )
            Plaintiff,          )
                                )
       v.                       )Civil Action No. 03-1995
                                )Judge David Stewart Cercone/
STEVE DEVLIN, Director,         )Magistrate Judge Amy Reynolds Hay
HEATHER BOWSER, Counselor,      )
CARLA MOMULA, Supervisor,       )
                                )
            Defendants.         )
```

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. #4] be dismissed for failure to prosecute.

II. Report

Plaintiff, Dale J. Burch, Sr., has presented a civil rights complaint against Dir. Steve Devlin, Counselor Heather Bowser and Supervisor Carla Momula, alleging that defendants, who are employees of a non-profit corporation which houses parolees and assists them in their transition back to the community, conspired with Burch's parole agent in having his parole revoked.

On July 25, 2006, this Court issued an Order directing Plaintiff to file a pretrial narrative statement on or before August 15, 2006. Plaintiff failed to comply and on August 22, 2006, this Court issued an order directing plaintiff to show

cause why his case should not be dismissed for failure to prosecute [Dkt. #52]. To date, plaintiff has again failed to respond.[1]

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

---

[1] We note here that the Court's Order, which is dated August 21, 2006, improperly reflects that it was sent to plaintiff at 3335 Ligonier Street in Pittsburgh, Pennsylvania. In fact, a copy of the Order was sent to 5623 Second Avenue in Pittsburgh, which is the last address provided by plaintiff. See Dkt. #46. Moreover, to date, the copy of the order sent to plaintiff has not been returned.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders of July 25, 2006 and August 22, 2006, and weighs heavily against him.  Not only is it solely his personal responsibility to respond to the Court as directed but his failure to do so even six weeks later appears to be willful and constitutes a history of dilatoriness.

Similarly, the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- appears to weigh against plaintiff as well as defendants have not only expended monies filing a motion to dismiss but they have suffered yet further delay of a case that is already three years old.

Further, although factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, plaintiff's failure to respond to the Court's orders, thereby preventing the case from going forward, suggests that plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since

no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

     Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                          Respectfully submitted,

                                          /S/   Amy Reynolds Hay
                                          AMY REYNOLDS HAY
                                          United States Magistrate Judge

Dated: 17 October, 2006.

cc:  Dale J. Burch, Sr.
     5623 Second Avenue
     Pittsburgh, PA 15207

     Leta V. Pittman, Esq.
     TUCKER, ARENSBERG
     1500 One PPG Place
     Pittsburgh, PA 15222